*AE*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT, EASTERN DIVISION

| | |
|---|---|
| **Davy Cady** ) | |
|    Plaintiff ) | |
| ) | Case No. 05 C 0081 |
|    v. ) | |
| ) | Judge Filip |
| **SHERIFF MICHAEL SHEAHAN  ET. AL.** ) | |

### NOTICE OF FILING

I, Davy Cady, have caused to be filed on February 7, 2005 my First Amended and Supplemental Complaint.

There are no defendants of record yet to notice.

**FILED**

FEB - 7 2005
FEB 7 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Respectfully submitted,

*Davy Cady*

Davy Cady
P.O. Box 6169, Chicago, Illinois 60680

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT, EASTERN DIVISION

| | | |
|---|---|---|
| **Davy Cady** | ) | |
|     Plaintiff | ) | |
| | ) | Case No. 05 C 0081 |
|     v. | ) | |
| | ) | Judge Filip |
| **SHERIFF MICHAEL SHEAHAN** | ) | |
| UNKNOWN COURTROOM BAILIFF | ) | |
| STATE'S ATTORNEY RICHARD DEVINE | ) | |
| ASST ST'S ATTY CHIEF DAVE SABATINI | ) | |
| ASST ST'S ATTY MIKE EVANS | ) | |
| ASST ST'S ATTY MICHAEL O'BRIEN | ) | |
| ASST ST'S ATTY MAUREEN DELEHANTY | ) | |
| ASST ST'S ATTY THERESA SMITH | ) | |
| ASST ST'S ATTY DAVID HEATON | ) | |
| ASST ST'S ATTY DANIEL MALONEY | ) | |
| ASST ST'S ATTY DAVID CONDRON | ) | |
| ASST ST'S ATTY SUSAN CARAHER | ) | |
| ASST ST'S ATTY MATTHEW THRUN | ) | |
| ASST ST'S ATTY DESIREE BERG | ) | |
| ASST ST'S ATTY DERRICK BERG | ) | |
| ASST ST'S ATTY PAT ENRIGHT | ) | |
| ASST ST'S ATTY JAMIE SMITH | ) | |
| THE ILLINOIS SUPREME COURT | ) | |
| THE ADMINISTRATIVE OFFICE OF | ) | |
|     THE ILLINOIS COURTS | ) | |
| CYNTHIA COBBS, DIRECTRESS | ) | |
| THE OFFICE OF THE OFFICIAL | ) | |
|     COURT REPORTER OF | ) | |
|     COOK COUNTY, ILLINOIS | ) | |
| MARILYN FILISHIO, ADMINISTRATRESS | ) | |
| CASIMIR KOWALSKI, SUPERVISOR OF THE | ) | |
|     OFFICIAL COURT REPORTERS IN THE | ) | |
|     6th MUNICIPAL DISTRICT, CIRCUIT | ) | |
|     COURT OF COOK COUNTY, ILLINOIS | ) | |
| THE OFFICE OF THE CHIEF JUDGE | ) | |
|     OF THE CIRCUIT COURT | ) | |
|     OF COOK COUNTY, ILLINOIS | ) | |
| HON. TIMOTHY EVANS, CHIEF JUDGE | ) | |
| THE OFFICE OF THE PRESIDING | ) | |
|     JUDGE OF THE 6TH MUNICIPAL | ) | |
|     DISTRICT, CIRCUIT COURT | ) | |
|     OF COOK COUNTY, ILLINOIS | ) | |
| HON. RONALD RILEY, PRESIDING JUDGE | ) | |

FILED
FEB - 7 2005
FEB 7 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

1

HON. THOMAS O'HARA, CIRCUIT JUDGE    )
UNKNOWN OTHERS                   )
    DEFENDANTS             )

# FIRST AMENDED AND SUPPLEMENTAL VERIFIED COMPLAINT

### Part I, Summary of Case

1. When Plaintiff became the subject of two (false) "private citizen arrests" for "disorderly conduct" (by ostensibly unrelated complainants, but more fundamentally by a conspiracy of state actors and students) at South Suburban College, Illinois, which is the subject of a separate federal lawsuit (see 02 CV 8128), He then also became subject to the prosecutory, official court reporter, and judicial functions of the criminal "justice" system in the Sixth District of the Cook County Circuit Court.

2. The acts by those "justice" system county and/or state actors-- all committed under the color of state law and pursuant to official county and/or state policy-- for which Plaintiff now seeks compensatory, punitive, and/or equitable relief are essentially six in number, listed in approximately chronological order: A) the prosecutorial use against Plaintiff by numerous Assistant State's Attorneys of five criminal complaints, which were all unsworn and never presented to the Court, hence which were legally non-existent, and the judicial acceptance of same as legal instruments, one of which the trial judge used to convict Plaintiff, B) the failure on two occasions (with the reasonable expectation of a third occasion) of the criminal "justice" system to provide Plaintiff with an official court reporter for His trial, C) the prevention by a Courtroom Bailiff of Plaintiff and His bystander witnesses from reading and writing in the courtroom in His defense and/or in cooperation with Plaintiff's defense counsel's defense of Plaintiff while She simultaneously permitted Plaintiff's opponents, Asst. State's Attorneys, to read and write in the courtroom in the course of their prosecution of Him, D) the refusal of the Cook County, Illinois, Sixth District, Asst. State's Attorney's Office to discuss Plaintiff's case with Him at a time when He was

2

functioning as His own lawyer, E) the refusal of the above referenced Courtroom Bailiff to identify Herself to Plaintiff upon His reasonable demand.

3. Plaintiff sues some of the Defendants, *inter alia*, for committing the civil equivalent of certain crimes, for which there may not be a tortious cause of action that is cognizable by this Court, but He brings such causes anyway out of His conviction, which He hopes that all courts will eventually adopt, that every crime for which there is an identifiable human victim-- especially when it is committed by a government actor-- ought also to be considered a tort that is compensable to the victim by the approximate monetary equivalent of any criminal fines that could be imposed for such crimes.

## Part II, Jurisdiction and Venue

4. This is an action that seeks relief under the protection of the U.S. Constitution and the U.S. Bill of Rights pursuant to the U.S. Civil Rights Act of 1871 (42 USC 1983).

5. Both Plaintiff and Defendants (the latter on information and belief) live in Cook County, Illinois, and all of Defendants' actions complained of herein took place in Cook County, Illinois.

## Part III, The Parties

6. Plaintiff is a non-attorney proceeding *pro se* in this action.

7. Defendants are all state or county actors sued in their official and individual capacities.

## Part IVA, The Facts Re: Complaints Not Sworn and Never File in the Court

8. In February and April, 2002 five criminal complaints, which were entered somehow into the criminal "justice" system against Plaintiff (**Exhibits 1-5**, redacted of Plaintiff's address), but which were unsworn and never filed, hence never presented to the court (i.e. never date-stamped), were used to prosecute Plaintiff by the Defendant Asst. State's Attorneys and enter-

3

tained by-- and one of which was used to convict Plaintiff on March 20, 2003 by-- the Defendant Trial Judge.

9. None of the five criminal complaints on which Plaintiff was prosecuted was ever filed (i.e. bears a date-stamp), and the one on which Plaintiff was convicted was also never filed (i.e. bears no date-stamp).

10. On information and belief, these illegal methods of prosecution are not uncommon in the Cook County Circuit Courts and perhaps even in the courts of other counties in Illinois, leading Plaintiff to assume that wherever these illegal practices frequently take place they do so pursuant to unwritten policies or customs.

### Part IVB, The Facts Re: No Official Court Reporters on Duty

11. Both January 6 and February 7, 2003 were dates on which Plaintiff's criminal trial had been set by Plaintiff's trial judge to take place, but on which no official court reporter was present in Plaintiff's courtroom (see **Exhibit 6**), resulting in: A) Plaintiff's trial judge ordering a postponement of Plaintiff's trial on both occasions, and B) the contractually required payment (see **Exhibit 7**) by Plaintiff to His private defense attorney of $400 on both occasions for making an appearance in vain (see **Exhibit 8**; Plaintiff is still attempting to obtain a formal receipt for His first January payment).

12. There have been articles in various newspapers, including the Chicago Daily Law Bulletin, copies of which Plaintiff is still attempting to procure, which have reported on the endemic "shortage" of official court reporters in Cook County, which "shortage," on information and belief, has been due to no paucity of available court reporters or of new candidates willing to enter the field, but rather due to an intentional de- or under-funding of official court reporters, stemming from orders originating in the Illinois Supreme Court and/or by acts of the Illinois General Assembly as influenced by the Illinois Supreme Court and/or by the politics of negotiations between the Illinois Supreme Court with the court reporters' union.

13. Since Plaintiff could not afford to lose $400 for even one-- let alone for an indefinite series of-- vain appearance(s) of His defense attorney (despite the fact that the money was borrowed), Plaintiff felt compelled to hire (again with hard-to-get borrowed money) a private court reporter to record His trial that was rescheduled to take place on March 20, 2003. The mere fact

4

that an official court reporter finally showed up on that occasion did not reasonably prevent Plaintiff from having to incur the cost ($137.50 at that time) of hiring a private court reporter to show up to record His own criminal trial! (see **Exhibit 9** for the actual price paid by Plaintiff of having the court reporter record His trial)

### Part IVC, The Facts Re: Courtroom Bailiff Prevented Plaintiff and Bystander Witnesses from Reading & Writing in His Own Defense

14. On April 19, 2002 in courtroom 204 of the courthouse of the 6th Municipal District of the Circuit Court of Cook County, Illinois, Defendant Unknown Courtroom Bailiff forbade Plaintiff to read or write in said courtroom in His own defense.

15. On January 6, 2003 in courtroom 204 of the courthouse of the 6th Municipal District of the Circuit Court of Cook County, Illinois, Defendant Unknown Courtroom Bailiff again forbade Plaintiff and His bystander witnesses to read or write in said courtroom in cooperation with Plaintiff's defense counsel's defense of Plaintiff.

16. The trial judge, Hon. Thomas O'Hara, had given Plaintiff "permission" to read and write in the courtroom while He was litigating *pro se*, but on January 6, 2003 Plaintiff had a defense attorney in attendance.

17. Plaintiff knew the Defendant Unknown Courtroom Bailiff's last name at the time of these incidents, but has since misplaced his record thereof.

### Part IVD, The Facts Re: Plaintiff's Opponents in the Courtroom, Asst. State's Attorneys, Refused to Speak with Plaintiff About His Case

18. In late 2002 when still functioning *pro se* as His own lawyer, Plaintiff approached an Asst. State's Attorney who was prosecuting Him (but whose name He no longer remembers) to inquire about what sentence the State would be recommending to the court, but said Asst. State's Attorney refused to speak with Plaintiff about His case, although he or she told Him that he or she would speak to His defense attorney, if He had one.

19. Again, in March 2003 after His trial and conviction, Plaintiff approached for the same purpose as referenced in the preceding paragraph another Asst. State's Attorney who was prosecuting Him, Defendant Michael O'Brien, who told Plaintiff that State's Attorneys do not

speak with *pro se* criminal defendants about their cases and that it would be unethical for them to do so, so he too declined to speak to Plaintiff about His case.

### Part IVE, The Facts Re: Trial Judge Treated Illegal Complaints as Justiciable

20. On October 22, 2002 at a hearing of Plaintiff's Motion to Dismiss held the same day that the Motion was filed, Plaintiff's trial judge, Hon. Thomas O'Hara, stated, in so many words, that there was no law requiring criminal complaints to be sworn (see **Exhibit 10**) and, on March 20, 2003 convicted Plaintiff on the basis of the unsworn Complaint alleging disorderly conduct.

21. Plaintiff's trial judge, Hon. Thomas O'Hara, evidently treated the unfiled criminal Complaints against Plaintiff as legally presented to the court and justiciable, since he conducted Plaintiff's case (02 MC 6006932) for 11 months as though they were and on March 20, 2003 convicted Plaintiff on one of them.

### Part IVF, The Facts Re: Courtroom Bailiff Refused to Self-Identify

22. On December 20, 2004 Plaintiff saw above referenced Defendant Unknown Courtroom Bailiff again at the Markham, Illinois Courthouse, but she refused to self-identify upon Plaintiff's demand, after He told Her that He wanted Her name for the purpose of filing a complaint about Her for Her treatment of Him in courtroom 204, and She even covered up Her name tametag so that Plaintiff could not see it, by holding her sweater over it.

23. Plaintiff then complained to her supervisors, Sgt. McMahon, Lt. Knapp, and Chief Allen-- all in the Sheriff's office in the 6th District Cook County Courthouse-- about her refusal to self-identify upon demand, but, after Lt. Knapp went to see which Deputy Sheriff it was about whom Plaintiff was complaining, she and the rest of the supervisors all refused to identify the Defendant Unknown Courtroom Bailiff to Plaintiff.

24. During Plaintiff's dealings with the above referenced supervisors on December 20, 2004, some of them kept demanding to learn from Plaintiff just which crimes and/or torts Plaintiff believed that the Defendant Unknown Courtroom Bailiff had committed against Plaintiff, but Plaintiff asked Them whether-- if He were to tell them what They wanted to know-- They would then tell Him the Defendant Unknown Courtroom Bailiff's name. Lt. Knapp answered "Not necessarily," so Plaintiff also declined to answer Their question on that subject.

### Part V, COUNT ONE: Violation of Due Process of Law Re: Criminal Complaints
### Articles V and XIV of the U.S. Bill of Rights
### § 2, Illinois Bill of Rights, Due Process and Equal Protection
### Civil Equivalent of 720 ILCS 5/8-2.1 (Felony) Conspiracy Against Civil Rights
### Civil Equivalent of 720 ILCS 5/33-3(b) (Felony) Official Misconduct

25. Plaintiff hereby re-alleges and incorporates herein Part IVA & E of this Complaint.

26. Plaintiff, as a criminal misdemeanor defendant, at all times relevant had under Articles V and XIV of the U.S. Bill of Rights and § 2 of the Illinois Bill of Rights, which right included the statutory and court rule-based rights or privileges-- pursuant to 725 ILCS 5/111-3(b) and Cook County Rule of Court 11.1(B)-- a Constitutional right to due process of law, including a right to be prosecuted and tried on nothing less than sworn and filed criminal complaints, respectively.

27. Defendants Asst. State's Attorneys and Hon. Thomas O'Hara at all times relevant had Constitutional, statutory, and court rule-based duties to protect Plaintiff's rights to due process of law under Articles V and XIV of the U.S. Bill of Rights, § 2 of the Illinois Bill of Rights, 725 ILCS 5/111-3(b), and Cook County Rule of Court 11.1(B).

28. Defendants Asst. State's Attorneys and Hon. Thomas O'Hara breached said duties and violated Plaintiff's Constitutional, statutory, and court rule-based rights to due process of law, when from March 2002 through March 2003 Defendants Asst. State's Attorneys prosecuted and conspired with witnesses to prosecute Plaintiff on unsworn and unfiled complaints and when Hon. Thomas O'Hara entertained and treated said criminal complaints as legal for 11 months and convicted Plaintiff based on one of them.

29. Plaintiff was and continues to be injured by Defendant Asst. State's Attorneys' and Hon. Thomas O'Hara's violations of His due process rights insofar as: A) Plaintiff was (wrongfully) convicted as a direct or indirect result of Their actions and so now has a criminal stigma attached to His name and record, B) Plaintiff has suffered injury to His liberty and property interests by being compelled against His will to attend court sessions, to spend time and money defending Himself, and to pay the court's monetary fine as well as attendance fees to His defense attorney, i.e. most of Plaintiff's life has been consumed by having to deal with the false charges that were the subject of said criminal complaints against Plaintiff, which dealing by Plaintiff has had to include both defensive and offensive measures, C) Plaintiff became so (internally) angry at these violations of His due process rights that He experienced emotional distress, including ulcer-like pains, with which He had to try to deal, *inter alia*, via medicine, and D) every violation of Constitutional rights is a stand-alone injury regardless of whether provable damages result therefrom or not.

30. Defendant Asst. State's Attorneys and Hon. Thomas O'Hara were and are the proximate cause of said injuries suffered by Plaintiff complained of herein, because the prosecutorial and judicial practices complained of, on information and belief, were the direct result either of an articulated but unwritten policy in Their office or of a custom in Their office of reckless disregard for the law, and Their official and/or individual actions directly resulted in the alleged injuries.

### Part VI, COUNT TWO: Unreasonable Seizure Re: Criminal Complaints
### Articles IV and XIV of the U.S. Bill of Rights
### § 6, Illinois Bill of Rights, Unreasonable Seizure
### Civil Equivalent of 720 ILCS 5/10-3 (Felony) Unlawful Restraint
### Civil Equivalent of 720 ILCS 5/8-2.1 (Felony) Conspiracy Against Civil Rights
### Civil Equivalent of 720 ILCS 5/33-3(b) (Felony) Official Misconduct

31. Plaintiff hereby re-alleges and incorporates herein Part IVA & E of this Complaint.

32. Plaintiff, as a criminal misdemeanor defendant, at all times relevant had under Articles IV and XIV of the U.S. Bill of Rights and § 6 of the Illinois Bill of Rights, which right included the statutory and court rule-based rights or privileges-- pursuant to 725 ILCS 5/111-3(b)

8

and Cook County Rule of Court 11.1(B)-- a Constitutional right to be free from unreasonable seizure of His person, including a right to be prosecuted and tried on nothing less than sworn and filed criminal complaints, respectively.

33. Defendants Asst. State's Attorneys and Hon. Thomas O'Hara at all times relevant had Constitutional, statutory, and court rule-based duties to protect Plaintiff's rights to be free from unreasonable seizure of His person under Articles IV and XIV of the U.S. Bill of Rights, § 6 of the Illinois Bill of Rights, 725 ILCS 5/111-3(b), and Cook County Rule of Court 11.1(B).

34. Defendants Asst. State's Attorneys and Hon. Thomas O'Hara breached said duties and violated Plaintiff's Constitutional, statutory, and court rule-based rights to be free from unreasonable seizure of His person, when from March 2002 through March 2003 Defendants Asst, State's Attorneys prosecuted and conspired with witnesses to prosecute Plaintiff on unsworn and unfiled complaints and when Hon. Thomas O'Hara entertained and treated said criminal complaints as legal for 11 months and convicted Plaintiff based on one of them.

35. Plaintiff was and continues to be injured by Defendant Asst. State's Attorneys' and Hon. Thomas O'Hara's violations of His due process rights insofar as: A) Plaintiff was (wrongfully) convicted as a direct or indirect result of Their actions and so now has a criminal stigma attached to His name and record, B) Plaintiff has suffered injury to His liberty and property interests by being compelled against His will to attend court sessions, to spend time and money defending Himself, and to pay the court's monetary fine as well as attendance fees to His defense attorney, i.e. most of Plaintiff's life has been consumed by having to deal with the false charges that were the subject of said criminal complaints against Plaintiff, which dealing by Plaintiff has had to include both defensive and offensive measures, C) Plaintiff became so (internally) angry at these violations of His rights to be free from unreasonable seizure of His person that He experienced emotional distress, including ulcer-like pains, with which He had to try to deal, *inter alia*, via medicine, and D) every violation of Constitutional rights is a stand-alone injury regardless of whether provable damages result therefrom or not.

36. Defendant Asst. State's Attorneys and Hon. Thomas O'Hara were and are the proximate cause of said injuries suffered by Plaintiff complained of herein, because the prosecutorial and judicial practices complained of, on information and belief, were the direct result either of an articulated but unwritten policy in Their office or of a custom in Their office of reckless disre-

9

gard for the law, and Their official and/or individual actions directly resulted in the alleged injuries.

### Part VII, COUNT THREE: Violation of Due Process of Law Re: Official Court Reporters
### Articles V and XIV of the U.S. Bill of Rights
### § 2, Illinois Bill of Rights, Due Process and Equal Protection
### Civil Equivalent of 720 ILCS 5/8-2.1 (Felony) Conspiracy Against Civil Rights
### Civil Equivalent of 720 ILCS 5/33-3(b) (Felony) Official Misconduct

37. Plaintiff hereby re-alleges and incorporates herein Part IVB of this Complaint.

38. Plaintiff, as a criminal misdemeanor defendant, at all times relevant had under Articles V and XIV of the U.S. Bill of Rights and § 2 of the Illinois Bill of Rights, which right included the court rule-based right or privilege—suggested, *inter alia*, by IL.S.Ct. Rules 604(c)(4), 607(b), and 608-- a Constitutional right to due process of law, including a right to be prosecuted and tried in nothing less than a courtroom prepared to officially record His trial.

39. Defendants Illinois Supreme Court, Illinois Court Administrative personnel, and Cook County Official Court Reporter personnel at all times relevant had Constitutional and probable court rule-based duties to protect Plaintiff's rights to due process of law under Articles V and XIV of the U.S. Bill of Rights, § 2 of the Illinois Bill of Rights, and IL.S.Ct. Rules 604(c)(4), 607(b), and 608.

40. Defendants Illinois Supreme Court, Illinois Court Administrative personnel, and Cook County Official Court Reporter personnel breached said duties and violated Plaintiff's Constitutional and probable court rule-based rights to due process of law, when on January 6 and February 7, 2003 They failed to provide an official court reporter or other recordation method for Plaintiff's criminal trial.

41. Plaintiff was and continues to be injured by Defendants Illinois Supreme Court's, Illinois Court Administrative personnels', and Cook County Official Court Reporter personnels' violations of His due process rights insofar as: A) Plaintiff was (wrongfully) convicted as a direct or indirect result of Their actions and so now has a criminal stigma attached to His name and record, B) Plaintiff has suffered injury to His liberty and property interests by being compelled against His will to attend court sessions, to spend time and money defending Himself, and to pay the court's monetary fine as well as attendance fees to His defense attorney, i.e. most of Plain-

10

tiff's life has been consumed by having to deal with the false charges that were the subject of said criminal complaints against Plaintiff, which dealing by Plaintiff has had to include both defensive and offensive measures, C) Plaintiff became so (internally) angry at these violations of His due process rights that He experienced emotional distress, including ulcer-like pains, with which He had to try to deal, *inter alia*, via medicine, and D) every violation of Constitutional rights is a stand-alone injury regardless of whether provable damages result therefrom or not.

42. Defendants Illinois Supreme Court, Illinois Court Administrative personnel, and Cook County Official Court Reporter personnel were and are the proximate cause of said injuries suffered by Plaintiff complained of herein, because the "shortage" of official court reporters complained of, on information and belief, was the result either of an articulated but unwritten policy in Their offices or of a custom in Their offices of reckless disregard for the rights of misdemeanor defendants, including Plaintiff's, and Their official and/or individual actions thus directly or indirectly resulted in the alleged injuries.

## Part VIII, COUNT FOUR: Detrimental Reliance Re: Official Court Reporters Civil Equivalent of 720 ILCS 5/33-3(b) (Felony) Official Misconduct

43. Plaintiff hereby re-alleges and incorporates herein Part IVB of this Complaint.

44. Plaintiff, as a criminal misdemeanor defendant, at all times relevant had a common law and/or court rule-based promise-- suggested, *inter alia*, by IL.S.Ct. Rules 604(c)(4), 607(b), and 608-- to be prosecuted and tried in nothing less than a courtroom prepared to officially record His trial. The mere existence of said and similar Rules and court rulings constitute the implied promise, on which most adult Illinoisians, including Plaintiff, rely when committing acts that may subject them to (false or legitimate) arrest and prosecution.

45. Defendants Illinois Supreme Court, Illinois Court Administrative personnel, and Cook County Official Court Reporter personnel at all times relevant had a common law and/or court rule-based duty to follow through on said promise-- suggested, *inter alia*, by IL.S.Ct. Rules 604(c)(4), 607(b), and 608-- to be prosecuted and tried in nothing less than a courtroom prepared to officially record His trial.

11

46. Defendants Illinois Supreme Court, Illinois Court Administrative personnel, and Cook County Official Court Reporter personnel had a reasonable expectation of knowing that Plaintiff would rely on said promise, Plaintiff had a reasonable expectation of relying on said promise, and Plaintiff did rely on said promise to His detriment when, earlier in life or at any time prior to January 6, 2003 He intentionally did not put hundreds of dollars into escrow just so that He would have money on hand to hire a court reporter to record His own criminal trial in the even that He should become a criminal defendant. So, Plaintiff did not have the requisite money on hand for same, but had to "beg, borrow, or steal" it, to His detriment.

47. Defendants Illinois Supreme Court, Illinois Court Administrative personnel, and Cook County Official Court Reporter personnel failed to keep Their implied promise referenced above-- suggested, *inter alia*, by IL.S.Ct. Rules 604(c)(4), 607(b), and 608—that, should He ever become a criminal defendant, He would be prosecuted and tried in nothing less than a courtroom prepared to officially record His trial, when, on January 6 and February 7, 2003, They failed to provide an official court reporter or other recordation method for Plaintiff's criminal trial.

48. Plaintiff was and continues to be injured by Defendants Illinois Supreme Court's, Illinois Court Administrative personnels', and Cook County Official Court Reporter personnels' breaches of promise regarding His right or privilege to an officially recorded criminal trial insofar as: A) Plaintiff was (wrongfully) convicted as a direct or indirect result of Their actions and so now has a criminal stigma attached to His name and record, B) Plaintiff has suffered injury to His liberty and property interests by being compelled against His will to attend court sessions, to spend time and money defending Himself, and to pay the court's monetary fine as well as attendance fees to His defense attorney, i.e. most of Plaintiff's life has been consumed by having to deal with the false charges that were the subject of said criminal complaints against Plaintiff, which dealing by Plaintiff has had to include both defensive and offensive measures, C) Plaintiff became so (internally) angry at these violations of His due process rights that He experienced emotional distress, including ulcer-like pains, with which He had to try to deal, *inter alia*, via medicine, and D) every violation of Constitutional rights is a stand-alone injury regardless of whether provable damages result therefrom or not.

49. Defendants Illinois Supreme Court, Illinois Court Administrative personnel, and Cook County Official Court Reporter personnel were and are the proximate cause of said injuries suffered by Plaintiff complained of herein, because the "shortage" of official court reporters

12

complained of, on information and belief, was the result either of an articulated but unwritten policy in Their offices or of a custom in Their offices of reckless disregard for the rights of misdemeanor defendants, including Plaintiff's, and Their official and/or individual actions thus directly or indirectly resulted in the alleged injuries.

**Part IX, COUNT FIVE: Violation of Right to Speedy Trial Re: Official Court Reporters**
**Articles VI and XIV of the U.S. Bill of Rights**
**§ 8, Illinois Bill of Rights, Rights After Indictment**
**Civil Equivalent of 720 ILCS 5/8-2.1 (Felony) Conspiracy Against Civil Rights**
**Civil Equivalent of 720 ILCS 5/33-3(b) (Felony) Official Misconduct**

50. Plaintiff hereby re-alleges and incorporates herein Part IVB of this Complaint.

51. Plaintiff, as a criminal misdemeanor defendant, at all times relevant had under Articles VI and XIV of the U.S. Bill of Rights and § 8 of the Illinois Bill of Rights, a Constitutional right to a speedy trial and thereby, as further suggested, *inter alia*, by IL.S.Ct. Rules 604(c)(4), 607(b), and 608, a right to be prosecuted and tried in nothing less than a courtroom prepared to officially record His trial.

52. Defendants Illinois Supreme Court, Illinois Court Administrative personnel, and Cook County Official Court Reporter personnel at all times relevant had under Articles VI and XIV of the U.S. Bill of Rights, § 8 of the Illinois Bill of Rights, and as further suggested, *inter alia*, by IL.S.Ct. Rules 604(c)(4), 607(b), and 608, a Constitutional and court rule-suggested duty to protect Plaintiff's rights to a speedy trial.

53. Defendants Illinois Supreme Court, Illinois Court Administrative personnel, and Cook County Official Court Reporter personnel breached said duty and violated Plaintiff's Constitutional and court rule-suggested rights to a speedy trial, when on January 6 and February 7, 2003, They failed to provide an official court reporter or other recordation method for Plaintiff's criminal trial, thus causing it to be postponed, thus invoking the well-known judicial maxim: "justice delayed is justice denied."

54. Plaintiff was and continues to be injured by Defendants Illinois Supreme Court's, Illinois Court Administrative personnels', and Cook County Official Court Reporter personnels' violations of His right to a speedy trial insofar as: A) Plaintiff was (wrongfully) convicted as a

13

direct or indirect result of Their actions and so now has a criminal stigma attached to His name and record, B) Plaintiff has suffered injury to His liberty and property interests by being compelled against His will to attend court sessions, to spend time and money defending Himself, and to pay the court's monetary fine as well as attendance fees to His defense attorney, i.e. most of Plaintiff's life has been consumed by having to deal with the false charges that were the subject of said criminal complaints against Plaintiff, which dealing by Plaintiff has had to include both defensive and offensive measures, C) Plaintiff became so (internally) angry at these violations of His rights to be free from unreasonable seizure of His person that He experienced emotional distress, including ulcer-like pains, with which He had to try to deal, *inter alia*, via medicine, and D) every violation of Constitutional rights is a stand-alone injury regardless of whether provable damages result therefrom or not.

55. Defendants Illinois Supreme Court, Illinois Court Administrative personnel, and Cook County Official Court Reporter personnel were and are the proximate cause of said injuries suffered by Plaintiff complained of herein, because the "shortage" of official court reporters complained of, on information and belief, was the result either of an articulated but unwritten policy in Their offices or of a custom in Their offices of reckless disregard for the rights of misdemeanor defendants, including Plaintiff's, and Their official and/or individual actions thus directly or indirectly resulted in the alleged injuries.

### Part X, COUNT SIX: Re: Courtroom Bailiff
### Violation of Free Speech (Reading & Writing), Press, Assembly, & Petition for Redress
### Articles I and XIV of the U.S. Bill of Rights
### § 4 & 5, Illinois Bill of Rights, Freedom of Speech, Right to Assemble and Petition
### Civil Equivalent of 720 ILCS 5/8-2.1 (Felony) Conspiracy Against Civil Rights
### Civil Equivalent of 720 ILCS 5/33-3(b) (Felony) Official Misconduct

56. Plaintiff hereby re-alleges and incorporates herein Part IVC of this Complaint.

57. Plaintiff, as a criminal misdemeanor defendant, and His bystander witnesses at all times relevant had under Articles I and XIV of the U.S. Bill of Rights and § 4 & 5 of the Illinois Bill of Rights a Constitutional right to freedom of speech, press, assembly, and petition in Plaintiff's criminal courtroom as expressed by silently reading and writing in Plaintiff's defense.

14

58. And while neither Plaintiff nor His bystander witnesses were on any newspaper's payroll during the incidents complained of here, they intended to take notes and to compose articles for possible publication about the courtroom proceedings and to petition their government for redress of grievances already known to be implicit in Plaintiff's prosecution.

59. Defendants Hon. Thomas O'Hara and Unknown Courtroom Bailiff at all times relevant had under Articles I and XIV of the U.S. Bill of Rights, § 4 & 5 of the Illinois Bill of Rights a Constitutional duty to protect Plaintiff's and Plaintiff's bystander witnesses' rights to freedom of speech (reading and writing), press, assembly, and petition in Their criminal courtroom by permitting them to silently read and write in Plaintiff's defense.

60. Defendants Hon. Thomas O'Hara and Unknown Courtroom Bailiff breached said duty and violated Plaintiff's and Plaintiff's bystander witnesses' Constitutional rights to freedom of speech (reading and writing), press, assembly, and petition, when on April 19, 2002 the Unknown Courtroom Bailiff told Plaintiff that He could not read or write (in His own defense) in the courtroom when He was just sitting quietly in His gallery seat, while Plaintiff's opponents, the Asst. State's Attorneys, were reading and writing at Their table, and, on January 6, 2003 the Unknown Courtroom Bailiff told both Plaintiff and His bystander witnesses that they could not read or write (in Plaintiff's defense) in the courtroom when they were just sitting quietly in their gallery seats while Plaintiff's opponents, the Asst. State's Attorneys, were reading and writing at Their table. Hon. Thomas O'Hara supported His Bailiff on that occasion on January 6, 2003 by telling Plaintiff: "That's right, Mr. Cady, we're not going to put up with you anymore!"

61. Plaintiff was and continues to be injured by Defendant Asst. State's Attorneys' and Hon. Thomas O'Hara's violations of His due process rights insofar as: A) Plaintiff was (wrongfully) convicted as a direct or indirect result of Their actions and so now has a criminal stigma attached to His name and record, B) Plaintiff has suffered injury to His liberty and property interests by being compelled against His will to attend court sessions, to spend time and money defending Himself, and to pay the court's monetary fine as well as attendance fees to His defense attorney, i.e. most of Plaintiff's life has been consumed by having to deal with the false charges that were the subject of said criminal complaints against Plaintiff, which dealing by Plaintiff has had to include both defensive and offensive measures, C) Plaintiff became so (internally) angry at these violations of His rights to be free from unreasonable seizure of His person that He experienced emotional distress, including ulcer-like pains, with which He had to try to deal, *inter*

15

*alia*, via medicine, and D) every violation of Constitutional rights is a stand-alone injury regardless of whether provable damages result therefrom or not.

62. Defendants Hon. Thomas O'Hara and the Unknown Courtroom Bailiff were and are the proximate causesof said injuries suffered by Plaintiff complained of herein, because the Trial Judge's and the Bailiff's personal words produced the direct or indirect results enumerated above and, on information and belief, neither would deny Their words today.

### Part XI, COUNT SEVEN: Violation of Right to Communicate with Prosecution
### Articles VI, VIII, and XIV of the U.S. Bill of Rights
### § 8.1(a)(3), Illinois Bill of Rights, Crime Victim's Rights
### Civil Equivalent of 720 ILCS 5/8-2.1 (Felony) Conspiracy Against Civil Rights
### Civil Equivalent of 720 ILCS 5/33-3(b) (Felony) Official Misconduct

63. Plaintiff hereby re-alleges and incorporates herein Part IVD of this Complaint.

64. Plaintiff at all times relevant had under Articles VI, VIII, and XIV of the U.S. Bill of Rights a Constitutional right to be "informed of the nature and cause of the accusation" by the State, to learn from the state what "punishments" it intended to seek to be "inflicted" upon Him, and-- as an alleged victim of crimes committed by His complainants (i.e. 720 ILCS 5/26-1(a)(4), filing false police reports) and as a *pro se* defendant functioning as His own lawyer, Plaintiff had, under § 8.1(a)(3) of the Illinois Bill of Rights, a Constitutional right to communicate directly with the Prosecution.

65. Defendants Unknown Asst. State's Attorney and Michael O'Brien at all times relevant had a Constitutional duty to protect Plaintiff's right to be "informed of the nature and cause of the accusation" by the State, to learn from the state what "punishments" it intended to seek to be "inflicted" upon Him, and-- as an alleged victim of crimes committed by His complainants (i.e. 720 ILCS 5/26-1(a)(4), filing false police reports) and as a *pro se* defendant functioning as His own lawyer, Plaintiff had, under § 8.1(a)(3) of the Illinois Bill of Rights, a Constitutional right to communicate directly with the Prosecution.

66. Defendant Unknown Asst. State's Attorney and Michael O'Brien breached said Constitutional duty and violated Plaintiff's rights to communicate with the Prosecution, when in late 2002 the Unknown Asst. State's Attorney and in March 2003 Michael O'Brien refused to speak

16

and conspired with other Asst. State's Attorneys to induce them to refuse to speak with Plaintiff about His case at a time when He was functioning as His own lawyer.

67. Plaintiff was and continues to be injured by Defendant Unknown Asst. State's Attorney's and Michael O'Brien's violation of His right to communicate with the Prosecution insofar as: A) Plaintiff was (wrongfully) convicted as a direct or indirect result of Their actions and so now has a criminal stigma attached to His name and record, B) Plaintiff has suffered injury to His liberty and property interests by being compelled against His will to attend court sessions, to spend time and money defending Himself, and to pay the court's monetary fine as well as attendance fees to His defense attorney, i.e. most of Plaintiff's life has been consumed by having to deal with the false charges that were the subject of said criminal complaints against Plaintiff, which dealing by Plaintiff has had to include both defensive and offensive measures, C) Plaintiff became so (internally) angry at these violations of His rights to be free from unreasonable seizure of His person that He experienced emotional distress, including ulcer-like pains, with which He had to try to deal, *inter alia*, via medicine, and D) every violation of Constitutional rights is a stand-alone injury regardless of whether provable damages result therefrom or not.

68. Defendant Unknown Asst. State's Attorney and Michael O'Brien were and are the proximate cause of said injuries suffered by Plaintiff complained of herein, because Their personal words produced the direct or indirect results enumerated above and, on information and belief, neither would deny Their words today.

### Part XII, COUNT EIGHT: Unknown Courtroom Bailiff's Refusal to Self-Identify Civil Equivalent of 720 ILCS 5/8-2.1 (Felony) Conspiracy Against Civil Rights Civil Equivalent of 720 ILCS 5/33-3(b) (Felony) Official Misconduct

69. Plaintiff hereby re-alleges and incorporates herein Part IVF of this Complaint.

70. Plaintiff at all times relevant had a right based in Cook County Sheriff regulations to have Defendant Unknown Courtroom Bailiff identify Herself to Plaintiff upon His reasonable demand to do so.

71. Defendant Unknown Courtroom Bailiff at all times relevant had a regulatory duty to identify Herself to Plaintiff upon His reasonable demand to do so.

17

72. Defendant Unknown Courtroom Bailiff breached said regulatory duty and violated Plaintiff's right to have Defendant Unknown Courtroom Bailiff identify Herself to Plaintiff upon His reasonable demand to do so, when on December 12, 2004 while on guard duty in the lobby of the 6th District Cook County Courthouse She refused to tell Plaintiff Her name upon Plaintiff's reasonable demand to do so, including upon His explanation that He needed Her name so as to report Her for tortious conduct in Judge O'Hara's courtroom, whereupon She then and there covered up Her nametag with Her sweater so that Plaintiff could not read it. On information and belief, She also at all times conspired with Her supervisors to protect such conduct as refusing to self-identify, secure in the knowledge that they would do nothing to Her therefor.

73. Plaintiff was and continues to be injured by Defendant Unknown Bailiff's violation of His regulatory right to have Defendant Courtroom Bailiff identify Herself to Him upon His reasonable demand to do so, insofar as: A) Plaintiff unnecessarily consumed time in an effort to learn Her name which efforts have been effectively stymied by Her tortiousness, thus obstructing justice, B) Plaintiff became so (internally) angry at this violation of His rights that He experienced emotional distress, including ulcer-like pains, with which He had to try to deal, *inter alia*, via medicine, and D) every violation of civil rights is a stand-alone injury regardless of whether provable damages result therefrom or not.

74. Defendant Unknown Courtroom Bailiff was and is the proximate cause of said injuries suffered by Plaintiff complained of herein, because Their personal words produced the direct or indirect results enumerated above.

### Part XIII, COUNT NINE:  Failure to Train and Supervise
### Civil Equivalent of 720 ILCS 5/8-2.1 (Felony) Conspiracy Against Civil Rights
### Civil Equivalent of 720 ILCS 5/33-3(b) (Felony) Official Misconduct

75. Plaintiff at all times relevant had a regulatory right to have all supervisory Defendants adequately train and supervise Their subordinates, including those complained of herein, so as to uphold His rights and privileges.

18

76. All supervisory Defendants at all times relevant had a regulatory duty to protect Plaintiff's right to have Them properly train and supervise Their subordinates, including those complained of herein.

77. All supervisory Defendants breached said regulatory duty and violated Plaintiff's right to have Them properly train and supervise Their subordinates, including those complained of herein, when Their subordinates committed the torts complained of herein.

78. Plaintiff was and continues to be injured by all supervisory Defendants insofar as:, Plaintiff's efforts to procure justice have been obstructed by Their lack of training and supervision of Their subordinates, including those complained of herein, b) Plaintiff became so (internally) angry at this violation of His due process rights that He experienced emotional distress, including ulcer-like pains, with which He had to try to deal, *inter alia*, via medicine, and c) every violation of civil rights is a stand-alone injury regardless of whether provable damages result therefrom or not.

79. All supervisory were and are the proximate causes of said injuries suffered by Plaintiff complained of herein, because Their personal actions (or lack thereof) produced the direct or indirect results enumerated above.

## Part XIV, COUNT TEN: Negligent Infliction of Emotional Distress

80. Plaintiff at all times relevant had a common law right to be free from infliction of emotional distress upon Him by Defendants.

81. Defendants at all times relevant had a common law duty to protect Plaintiff's right to be free from infliction of emotional distress by Them upon Him.

82. Defendants breached said common law duty and negligently inflicted emotional distress upon Plaintiff when They committed the torts complained of herein or, if They were supervisors, They failed to prevent same by inadequate training and supervision.

83. Plaintiff was in the zone of danger of the crime(s) alleged in this Complaint to have been committed by Defendants when He was the direct or indirect object of Their crimes, when He had a reasonable fear for His safety (His charges carried up to 30 days in jail, which, in Cook

19

County, could constitute a death sentence for a White boy), and when he suffered ulcer-like pains by vice of being a bystander witness/victim of said crime(s).

84. Plaintiff was and continues to be injured by Defendants' violation of Plaintiff's rights insofar as: A) Plaintiff was (wrongfully) convicted as a direct or indirect result of Their actions and so now has a criminal stigma attached to His name and record, B) Plaintiff has suffered injury to His liberty and property interests by being compelled against His will to attend court sessions, to spend time and money defending Himself, and to pay the court's monetary fine as well as attendance fees to His defense attorney, i.e. most of Plaintiff's life has been consumed by having to deal with the false charges that were the subject of said criminal complaints against Plaintiff, which dealing by Plaintiff has had to include both defensive and offensive measures, C) Plaintiff became so (internally) angry at these violations of His rights to be free from unreasonable seizure of His person that He experienced emotional distress, including ulcer-like pains, with which He had to try to deal, *inter alia*, via medicine, and D) every violation of Constitutional or civil rights is a stand-alone injury regardless of whether provable damages result therefrom or not.

85. Defendants were and are the proximate causes of said injuries suffered by Plaintiff complained of herein, because Their personal actions (or lack thereof) produced the direct or indirect results enumerated above.

## Part XV, Relief Requested

86. Plaintiff requests a trial by jury on all issues triable by jury.

87. Plaintiff requests compensable and—if available—punitive monetary relief in an amount as determined by a jury of His peers.

88. Plaintiff seeks no compensatory or punitive damages against the judges named in this Complaint, since, on information and belief, they are not available; He seeks merely prospective injunctive relief against same, since He continues to operate within their jurisdiction and is likely to commit the same kinds of acts (until or unless he learns from appellate courts that they are in-

deed illegal) for which he was arrested. Thus, He could, at any moment, be subject to the same kind of false arrest and prosecution before the same judges that are complained of herein.

89. Plaintiff requests injunctive relief in the form of a permanent order of the Court:

A. enjoining the Cook County State's Attorney's Office from ever again prosecuting an unsworn or unfiled criminal complaint,

B. enjoining all criminal judges in Cook County from every again treating as legal and convicting anyone on an unsworn or unfiled complaint,

C. enjoining the Cook County Official Court Reporter's Office from ever again failing to have official court reporters or recording devices in Cook County criminal courtrooms—especially when cases are set for trial therein,

D. enjoining Defendant Unknown Courtroom Bailiff and all other courtroom bailiffs in Cook County from ever again refusing to permit criminal defendants and their bystander witnesses to read or write in the courtroom in their own defense,

E. enjoining Defendant Unknown Courtroom Bailiff and all other courtroom bailiffs in Cook County from ever again refusing to disclose Her and their name(s) to criminal defendants—indeed to any private citizens who has reasonable need to know same,

F. enjoining the Cook County State's Attorney's Office from every again refusing to speak with a *pro se* criminal defendant about his or her case,

G. ordering all supervisory Defendants to henceforth train and supervise Their subordinates and their subordinates's subordinates so that they do not violate the People's, including Plaintiff's, Constitutional, civil, statutory, and regulatory rights in the manner alleged in this Complaint.

## Part XII, Verification

Under penalty of perjury as provided by law pursuant to 735 ILCS 5/1-109 and 28 USC 1746, I, Davy Cady, hereby certify that the statements of fact set forth in this instrument are true and correct, except as to matters of fact therein stated or implied to be on information and belief, and as to such matters the undersigned certifies that He verily believes the same to be true. If any portion of the foregoing instrument sets forth a lack of sufficient information to permit a de-

termination of the truth or answer, such representation is likewise made under penalty of perjury
and is certified to be true.

_____
Davy Cady

Respectfully submitted,

Davy Cady
P.O. Box 6169, Chicago, Illinois 60680

290    05 April 02  1:00 p.m  #204 Markham Court
(Court Branch)          (Court Date)

MISDEMEANOR COMPLAINT                                    (7-81) CCMC1-225

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of the State of Illinois
    Plaintiff

    v.                                    NO. ..... **02MC6003811**

Cady, David W.
..................
    Defendant

Betty Majors ............................................... complainant, now appears before
             (Complainant's Name Printed or Typed)

The Circuit Court of Cook County and states that

David W. Cady  251 Bartram Road Riverside, IL 60546 ......... has, on or about
     (defendant)                                    (address)

25 February 2002 ............. at 16333 S. Kilbourn Ave. Oak Forest, IL 60452 .......
    (date)                                    (place of offense)

committed the offense of ... Disorderly Conduct ....................... in that he

knowingly began yelling loudly and using profanity repeatedly to So. Suburban College

employee Betty Majors while in a public area, acting in such an unreasonable manner

as to alarm and disturb Betty Majors, and provoke a breach of the peace.

.............................................................

.............................................................

.............................................................

in violation of Chapter .... 720 ........................... Section ... 26-1(a)(1) ....

ILLINOIS REVISED STATUTES

                              *Betty Majors*
                             (Complainant's Signature)

STATE OF ILLINOIS   }
COUNTY OF COOK    }   ss
                    16333 S. Kilbourn. Oak Forest, IL 60452
             (Complainant's Address)                    (Telephone No.)

                    Betty Majors
                    (Complainant's Name Printed or Typed)

being first duly sworn, on .......................... oath, deposes and says that he has read the foregoing
complaint by him subscribed and that the same is true.

                              *Betty Majors*
                          (Complainant's Signature)

Subscribed and sworn to before me ........................................................... , 19....

                               (Judge or Clerk)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that
there is probable cause for filing same. Leave is given to file said complaint.

Summons issued,     Judge ................................ ................... ...........
      or                                           Judge's No.
Warrant Issued,    Bail set at, .................................
      or
Bail set at   .......................................... Judge ........
                                           Judge's No.

**PLAINTIFF'S
EXHIBIT
1**

### AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

6-490       08 May 2002 South Suburban College P.D.

**(Court Branch)**       **(Court Date)**

MISDEMEANOR COMPLAINT

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS       **(7-81) CCMC1-225**

The People of the State of Illinois
      Plaintiff

      v.               NO.     **02MC6006932**

Cady, David W.

      Defendant

Frederick P. Woolery

           **(Complainant's Name Printed or Typed)**       complainant, now appears before

The Circuit Court of Cook County and states that

Cady, David W.

17 April 2002    **(defendant)**            **(address)**       has, on or about

      **(date)**       at 16333 S. Kilbourn Ave. Oak Forest, Il. 60452

                   **(place of offense)**

committed the offense of Disorderly Conduct

Knowingly invited Frederick P. Woolery outside for a physical confrontation. While in that he class he was acting in such an unreasonable manner as to alarm and disturb Frederick P. Woolery, and provoked a breach of peace.

in violation of Chapter 720       Section 26-1(a)(1)

ILLINOIS REVISED STATUTES

STATE OF ILLINOIS
COUNTY OF COOK    ss

                **(Complainant's Signature)**    708-841-6563

      15219 S. Evers St. Dolton, Il. 60419

      **(Complainant's Address)**       **(Telephone No.)**

      Frederick P. Woolery

      **(Complainant's Name Printed or Typed)**

being first duly sworn, on oath, deposes and says that he has read the foregoing complaint by him subscribed and that the same is true.

                **(Complainant's Signature)**

Subscribed and sworn to before me       , 19

                **(Judge or Clerk)**

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is probable cause for filing same. Leave is given to file said complaint.

Summons issued,
    or       Judge
Warrant issued,
    or       Bail set at,
Bail set at               Judge's No.

      Judge

**PLAINTIFF'S EXHIBIT**
**2**

      Judge's No.

AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

6-490          08 May 2002 1:00 p.m. South Suburban College P.D.

(Court Branch)          (Court Date)

MISDEMEANOR COMPLAINT                                    (7-81) CCMC1-225

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of the State of Illinois
          Plaintiff                              **02MC 6006932**

          v.                          NO. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Cady, David W.
. . . . . . . . . . . . . . . . . . . . . . . .
          Defendant

Woolery, Frederick P.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . complainant, now appears before
          (Complainant's Name Printed or Typed)

The Circuit Court of Cook County and states that

Cady, David W.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . has, on or about
          (defendant)                          (address)

. . .17 April 2002 . . . . . . . . . . . . . . . at .16333 S. Kilbourn Ave.Oak Forest, Il. 60452 . . . . . . . . . . .
          (date)                          (place of offense)

committed the offense of . . . . . . . . . . . Assault . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . in that he

Intentionally argued with Frederick P. Woolery and told him to step out of the classroom and

outside of the building for a physical confrontation. Thereby placing Frederick P. Woolery

in a reasonable apprehension of receiving a battery.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

in violation of Chapter . . . . . . . . . . . 720/5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Section . .12-1(a) . . . .

ILLINOIS REVISED STATUTES

                              X. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                        (Complainant's Signature)
                              15219 S. Evers Dolton, Il. 60419  708-841-656
                              (Complainant's Address)          (Telephone No.)

STATE OF ILLINOIS  }
COUNTY OF COOK     }  ss

                              . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                        (Complainant's Name Printed or Typed)

being first duly sworn, on . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . oath, deposes and says that he has read the foregoing
complaint by him subscribed and that the same is true.

                              X. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                        (Complainant's Signature)

Subscribed and sworn to before me . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . , 19 . . . .

                              . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                        (Judge or Clerk)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that
there is probable cause for filing same. Leave is given to file said complaint.

Summons issued,          Judge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
          or
Warrant Issued,          Bail set at . . . . . . . . . . . . . . . . . . . . . . . . . . . . .          Judge's No.
          or
Bail set at . . . . . . . . . . . . . . . . . . . . . . . . Judge . . . . . . . . . . .

                              **PLAINTIFF'S EXHIBIT**
                              **3**

                                                  Judge's No.

## AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



### State of Illinois
### Circuit Court of Cook County
### Official Court Reporters

Timothy C. Evans
*Chief Judge*

Marilyn A. Filishio
*Administrator*

69 W. Washington Street
Suite 900
Chicago, Illinois 60602
(312) 603-8509
Fax: (312) 603-9820
TDD: (312) 603-8539

To:    Mr. David Cady
       P.O. Box 6169
       Chicago, Ill. 60680

5-30-03

From:  Casimir W. Kowalski (Supervisor)
       Official Court Reporters
       16501 S. Kedzie Parkway
       Markham, Ill. 60426    708 210-4410

Dear Mr. Cady:

Please be advised that on the date of January 6th, 2003, Official Court Reporter Paul Bradtke was present for part of the morning session in Courtroom 204. However, he was later reassigned to another courtroom for the rest of the day and no court reporter was present at the time the cases of People V Robert Hidalgo and People V David Cady were called.

Also on the date of February 7th, 2003, no court reporter was assigned to Courtroom 204 for the entire day. Consequently, there is no verbatim record available for the case of People V David Cady heard that day.

If you have any questions, please feel free to contact me at the phone number listed above.

Yours Truly,

*[signature]*

**PLAINTIFF'S EXHIBIT**
6

Law Offices of
# Atty. Edward Voci
**1111 South Blvd.**
**Oak Park, Illinois 60302**
**Tel. 312.296.3881**
**Fax. 708.358.8624**

## Agreement To Retain  Atty.  Edward A. Voci

DAVID W. CADY ("Client")  retains the services of Atty. Edward Voci to represent Client with respect to the matters set forth below in Scope of Services.

### Scope of  Legal Services

Client desires Atty. Voci to represent Client with respect to defending against two criminal cases currently pending in the Circuit Court of Cook County at the Markham, Illinois courthouse.  One case (No. 02MC6-003811)  consists of a disorderly conduct complaint and the other case (No. 02MC6-006932) consists of a complaint for assault and another complaint for disorderly conduct. Client represents that obstructing police officer charges in both cases have been dismissed.  In both cases and for all complaints, Client shall, if Client has not done so already, waive trial by jury and submit the cases and complaints to trial by a judge which Client represents is set for trial on January 6, 2003. Client represents that pre-trial discovery is complete and that he has tendered all discovery and other relevant documents and information to Atty. Voci. Atty. Voci agrees to prepare defense witnesses in his office (two witnesses maximum),  prepare for cross examination of the States witnesses (six witnesses maximum), and to appear with and defend client in said court on said date. Atty. Voci's services shall not include post trial motions,  pre-trial motions, appeals, petitions for post-conviction relief,  or  suits for habeas corpus, or any other post trial proceedings. Atty. Voci shall tender to Client copies of all documents filed with the Court or served on the State.

**PLAINTIFF'S EXHIBIT**
**7**

### Compensation

Client shall compensate Atty. Voci for his services be paying to Atty. Voci at the time of the signing of this agreement a "flat" fee of  Three Thousand Dollars ($3,000.00) which shall compensate Atty. Voci in full for the two bench trials provided said bench trials are completed on January 6, 2003. In the event the State or the Court are not prepared to proceed on January 6, 2003 (and Atty. Shall vigorously oppose any such continuance sought by the State or suggested by the Court) or if the trials otherwise do not proceed on or are not completed on January 6, 2003 and one or more additional court appearances are required of Atty. Voci, Client shall pay an additional $400.00 to Atty. Voci for each such additional court appearance.  If  the cause for an additional appearance is the unavailability of Atty. Voci, Client shall not be obligated to pay an additional $400.00 for the additional court appearance by Atty. Voci.  If this agreement is terminated prior to the completion of all trials (and this sentence contemplates a plead of guilty or dismissal caused by the State),  Atty. Voci shall be compensated for his work at the rate

of $300.00 per hour (but not more than the "flat" fee of $3,000.00) in addition to payment of costs and expenses. In the event client elects for a jury trial, he shall compensate Atty. Voci and additional $1,500.00 per jury trial and an additional $400.00 for each day of jury trial beyond the first day of trial.

### Expenses and Costs

Client shall pay and be responsible for all costs and expenses of the litigation and/or settlement (for example, private investigator fees, expert witness fees, filing fees, messenger services, stenographer fees, transcripts, photocopying, etc.) which shall be paid or advanced to Atty. Voci as they become due. Client authorizes Atty. Voci to pay in advance for such costs and expenses and Client agrees to promptly reimburse Atty. Voci for advances that Atty. Voci may make. Atty. Voci shall from time to time submit costs and expenses with the billing statement to Client. If Client breaches this agreement, Client shall pay all attorney fees (at Atty. Voci's rate of $300 per hour), costs and expenses associated with remedying the breach.

Dated: December 15, 2002

David W. Cady

Atty. Edward Voci

Received from D.W. Cady three thousand Dollars ($3000.00) cash. 12/15/02
Edward Voci

Law Office of

# Edward A. Voci

**1111 South Boulevard**
**Oak Park, Illinois 60302**
**Tel. 312.296.3881**
**Fax. 708.358.8624**

On February 10, 2003 I received from Davy Cady Two Hundred Dollars ($200.00) per the retainer agreement (providing for payment of an additional four hundred dollars per court appearance subsequent to January 6, 2002). (Mr. Cady paid Two Hundred Dollars ($200.00) on February 7, 2003 and was given a handwritten receipt for same.)

Edward A. Voci

PLAINTIFF'S
EXHIBIT
_8_

# NORMAN G. KERR III
### Certified Shorthand Reporter
2817 Cambridge Lane
Olympia Fields, Illinois 60461

(708) 503 - 4497                                    FAX (708) 503 - 4498

DATE:   March 20, 2003

Mr. Davy Cady
P.O. Box 6169
Chicago, Illinois   60680

SSN: 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

## STATEMENT

re.  People v. Cady
     No. 02 6 00381101 and 02 6 00693210
     Hrg. Before:  Judge Thomas J. O'Hara
     Date Taken:  3/20/03

Attendance:   5 hrs. @ $55.00 ........................................................... $275.00
              (9:30 a.m. to 2:30 p.m.)

                        Received cash 3/20/03 ................ (275.00)
                        Amount Due ................................ $000.00

PLAINTIFF'S
EXHIBIT
9

RECEIVED $275.00
CK # CASH
DATE 3.20.04

- THANK YOU -

1  STATE OF ILLINOIS  )
            )  SS:
2  COUNTY OF COOK   )

3    IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
       COUNTY DEPARTMENT-SIXTH DISTRICT
4
  THE PEOPLE OF THE STATE  )
5  OF ILLINOIS       )
              )
6     Plaintiff,   )
              )
7   VS.        )   No. 02 MC6 3811
              )
8  DAVID CADY,     )
     Defendant.   )
9

10

11    REPORT OF PROCEEDINGS had in the

12  above-entitled cause on the 22nd day of October,

13  2002, A.D., before the HONORABLE JUDGE THOMAS

14  O'HARA.

15

16    HON. RICHARD DEVINE,
    COOK COUNTY STATE'S ATTORNEY, by:
17   MR. DANIEL MALONEY,
    MR. DAVID HEATON,
18     on behalf of the People;

19

20    MR. DAVID CADY,
     appearing pro se;

21

22  MS. KAREN ROYSTER
  OFFICIAL COURT REPORTER
23  SIXTH DISTRICT-MARKHAM, ILLINOIS
  708-210-4410

24

PLAINTIFF'S
EXHIBIT
10

1

1   that, I have read the complaint also, this

2   petition.

3          Mr.  Cady, you have raised numerous

4   points here.  There is one point that I think the

5   state will need time to respond to.  The other

6   matters, parts one regarding verification of the

7   complaint, I believe the law states that there is

8   no causes for law for that.  That will be

9   respectfully denied, part one.

10     MR. CADY:  Upon request, there is a basis for

11  having it verified.

12     THE COURT:  I have looked at the law on that.

13  It's respectfully denied.

14         Part two, the lack of jurisdiction, the

15  legislative enactment of the law.  That has no

16  basis also.  That will be respectfully denied.

17         Unconstitutionality of the disorderly

18  conduct statute, based on what I have here.

19     MR. CADY:  No.  No.  I did not allege

20  unconstitutionality.

21     THE COURT:  I don't understand what you are

22  even alleging.  It makes no sense.  That is based

23  on that, sir, what is alleged here.  There is no

24  allegation in law or fact to support that.  That